Raymond H. Modesitt
Indiana Bar No. 9308-84
Wilkinson, Goeller, Modesitt,
   Wilkinson & Drummy, LLP
333 Ohio Street
Terre Haut, Indiana  47807
Telephone:  (812) 232-4311
Facsimile:  (812) 235-5107

Attorneys for DOE 26

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## LAYFAYETTE DIVISION

| | | |
|---|---|---|
| THIRD DEGREE FILMS, INC., a California corporation, | ) | **CASE NO. 4:11-MC-00002** |
| Plaintiff, | ) | |
| | ) | AMENDED MOTION TO QUASH SUBPOENA SERVED ON PURDUE UNIVERSITY AND MEMORANDUM OF AUTHORITIES |
| vs. | ) | |
| DOES 1-2010, | ) | |
| Defendants. | ) | |

COMES NOW DOE No. 26 and states as follows:

1.    Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE 26 files this Amended Motion to Quash Subpoena Served on Purdue University because the subpoena requires disclosure of protected information and subjects DOE No. 26 to undue burden.  Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE No. 26 to alleged infringing activity.

2.    Plaintiff filed suit in the Northern District of California (C.A. No. 5:10-CV-05862 HRL) against 2010 unnamed DOE defendants, who are identified in its Amended Complaint only by internet protocol (IP) addresses.  Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

1

3.      DOE No. 26 is a student enrolled at Purdue University (Purdue). Purdue is an internet service provider (ISP) that provides internet service to its students, including DOE No. 26.   Plaintiff, Third Degree Films, on information and belief, is a producer of adult entertainment films and content.  Plaintiff served a subpoena on Purdue University to compel the disclosure of documents to identify the name, address, telephone number, and email address of DOE No. 26 so that DOE No. 26 can be named as a defendant in Plaintiff's copyright infringement action.  A true and correct copy of the subpoena is attached as Exhibit A.

4.      DOE No. 26 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 26 has personal and proprietary interests.  DOE No. 26 also has standing to move to quash the subpoena to protect reputational interests.  FED. R. CIV. P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

5.      According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered.  The Northern District of California thus lacks personal jurisdiction over any of the DOEs at this point.  The Northern District of California also lacks personal jurisdiction over DOE No. 26.

6.      Plaintiff filed an *ex parte* application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs such as Purdue University to determine the internet subscriber names, addresses, and email addresses associated with the IP addresses listed in its Amended Complaint.   Magistrate Judge Howard Lloyd of the Northern District of California, San Jose Division, entered the order attached hereto as Exhibit B permitting service of subpoenas on ISPs.  Judge Lloyd also set a schedule for filing motions to quash either by the ISPs or the DOEs.  *See* Exhibit B ¶ 5. This Motion to Quash is timely filed as Purdue University notified DOE No. 26 of the subpoena on June 10, 2011.

7.      The *Third Degree Films* complaint and *ex parte* request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a

1  defendant based solely on an IP address.  However, an IP address is not equivalent to a person or

2  entity.  It is not a fingerprint or DNA evidence—indeed, far from it.  In a remarkably similar case

3  in which an adult entertainment content producer also sought expedited discovery to learn the

4  identity of persons associated with IP addresses, United States District Judge Harold Baker of the

5  Central District of Illinois denied a motion for expedited discovery and reconsideration, holding

6  that, "IP subscribers are not necessarily copyright infringers. . . .The infringer might be the

7  subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or

8  someone parked on the street at any given moment."   Order of Apr. 29, 2011, *VPR*

9  *Internationale v. DOES 1-1017*, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold

10 A. Baker) [hereinafter *VPR Internationale Order*], attached hereto as Exhibit C.  The point so

11 aptly made by Judge Baker is that there may or may not be a correlation between the individual

12 subscriber, the IP address, and the infringing activity.  *Id.*  The risk of false identification by ISPs

13 based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a

14 raid by federal agents on a home allegedly linked to downloaded child pornography.  The

15 identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff

16 seeks to extract such information from Purdue University).   After the raid revealed no

17 pornography on the family computers, federal agents eventually learned they raided the wrong

18 home.  The downloads of pornographic material were traced to a neighbor who had used

19 multiple IP subscribers' Wi-Fi connections.  *Id.*  This risk of false identification and false

20 accusations through disclosure of identities of internet subscribers is also presented here.  Given

21 the nature of the allegations and the material in question, should this Court force Purdue

22 University to turn over the requested information, DOE No. 26 would suffer a severe

23 reputational injury.

24

25     8.     DOE No. 26 resided in a college dormitory at Purdue University on the date of the

    alleged copyright violation, surrounded by other college students and a roommate who was

26  known to use various router and Wi-Fi connections for Internet access—including the connection

27  assigned to DOE No. 26.  Every passer-by with even a modicum of technological skill had ample

28  opportunity to use DOE No. 26's IP address for their own purposes without detection.  The

likelihood that an individual other than DOE No. 26 infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 26 and the alleged violation that Plaintiff seeks to prove.  Here, the risk of reputational injury to a promising young college student from public exposure and association with the *Third Degree Films* allegations—even if later disproven—is too great and presents an undue burden to DOE No. 26 under FED. R. CIV. P. 45(c)(3)(A)(iv).  *See VPR Internationale Order*, at 3.

9.    If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 26 will face untold reputational injury, harassment, and embarrassment.  The reputational risk that Judge Baker found to be an undue burden is equally presented here:  "[W]hether you're guilty or not, you look like a suspect." *Id.* at 3.  Moreover, this case presents the same extortion risk that so concerned Judge Baker:

> Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?    The embarrassment of public exposure might be too great, the legal system to o daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

*Id.*  Discovery is not a game.  Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation.  *Id.*  Such abuse of the discovery process cannot be allowed to continue.

10.    Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations.  Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information.  *See Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("The reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)].").  The information linked to an IP address cannot give you the identity of the infringer.  *VPR Internationale Order*, at 2.  Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way.  *Id.*  Moreover, even if the information has some small

4

amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. 26 was only one of thousands of people who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE No. 26 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. *Id.* Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 26 if allowed to proceed. Good cause exists to quash the subpoena served on Purdue University to compel the disclosure of the name, address, telephone number and email address of DOE No. 26.

11.   FOR THESE REASONS, DOE No. 26 requests that this Court quash the subpoena served on Purdue University in this matter.

DATED: July 12, 2011                         Respectfully submitted,


                                             Wilkinson, Goeller, Modesitt, Wilkinson
                                                & Drummy, LLP


                                             By:  /s/ Raymond H. Modesitt___

                                             Raymond H. Modesitt
                                             Indiana Bar No. 9308-84
                                             333 Ohio Street
                                             Terre Haut, Indiana  47807
                                             Telephone:  812-232-4311
                                             Facsimile:  812-235-5107
                                             rhmodesitt@wilkinsonlaw.com

                                             Attorney for DOE No. 26

1    Of Counsel:

2    Tracie J. Renfroe (subject to pro hac vice admission)
3    KING & SPALDING LLP
     1100 Louisiana, Suite 4000
4    Houston, Texas 77002
     Telephone:  713-751-3214
5    Facsimile:  713-751-3290
6    trenfroe@kslaw.com

7
                        CERTIFICATE OF SERVICE
8

9         This is to certify that a true, correct and complete copy of the foregoing Motion to Quash

10   Subpoena was served via First Class Mail, postage pre-paid and Electronic Mail, addressed to

11   Plaintiff's counsel of record as follows:

12
              Ira M. Siegel
13            433 N. Camden Drive, Suite 970
              Beverly Hills, California 90210
14            Email Address:  irasiegel@earthlink.net

15

16   with a copy to Purdue University counsel:

17            Deborah B. Trice, Esquire
              Stuart & Branigin LLP
18            300 Main Street, Suite 900
              Lafayette, Indiana 47902
19            Email Address:  dbt@stuartlaw.com

20

21        This 12th day of July, 2011.

22

23

24                                      /s/ Raymond H. Modesitt
                                        Raymond H. Modesitt
25

26

27

28

# Exhibit A

# LAW OFFICES OF IRA M. SIEGEL

Intellectual Property Protection & Enforcement
Patent, Trademark And Copyright Law

June 1, 2011

Custodian of Records
Purdue University
Lucia Anderson
401 South Grant, Freehafer Hall
West Lafayette, IN 47907-2024

RE:    Subpoena to Produce Documents, Civil Action No. CV-10-05862-HRL
       Third Degree Films, Inc. v. DOES 1-2010

Dear Custodian of Records:

Pursuant of civil action CV-10-05862-HRL, Third Degree Films, Inc. v. DOES 1-2010, currently in progress, it is requested that you please comply with the attached subpoena.

It is further requested that you please electronically furnish the names, addresses, telephone numbers, and email addresses of subscribers assigned the IP addresses contained in Attachment A via email to subpoena@irasiegellaw.com in csv, xls, xlsx, or xml format.

### PLEASE RETURN RECORDS IN CSV, XLS, XLSX, OR XML FORMAT TO
### subpoena@irasiegellaw.com

If you prefer to receive an electronic copy of Attachment A in csv, xls, xlsx, or xml format, please contact us via phone or email and we will promptly supply it.

Please note that your compliance may require multiple steps pursuant to the Court Order that is included with the Subpoena. Please see paragraphs 4 and 5 of the Order. You must complete, at minimum, the first step by July 6, 2011.

Thank you for your assistance. Please feel free to contact us with any questions.

Yours truly,

*Ira M. Siegel*

Ira M. Siegel

---

433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210
Tel: 888-406-1004 | Fax: 888-406-8732 | Email: subpoena@irasiegellaw.com

## LAW OFFICES OF IRA M. SIEGEL

Intellectual Property Protection & Enforcement
Patent, Trademark And Copyright Law

# FAX COVER SHEET

June 1, 2011

TO:        Purdue University
           c/o Custodian of Records, Lucia Anderson
           Fax: 765-494-1463

FROM:      Law Offices of Ira M. Siegel
           Tel: 888-406-1004
           Fax: 888-406-8732

PAGES:     **9 (including cover)**

---

433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210
Tel: 888-406-1004 | Fax: 888-406-8732 | Email: subpoena@irasiegellaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Indiana

| | | |
|---|---|---|
| Third Degree Films, Inc. | ) | |
| _Plaintiff_ | ) | Civil Action No.  CV-10-05862-HRL |
| v. | ) | |
| DOES 1-2010 | ) | (If the action is pending in another district, state where:) |
| _Defendant_ | ) | Northern District of California     ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Purdue University (hereinafter "ISP"), Lucia Anderson
401 South Grant, Freehafer Hall, West Lafayette, IN 47907-2024

❧ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents sufficient to identify the names, addresses, telephone numbers, and email addresses of ISP's subscribers assigned the IP addresses identified on Attachment A on the corresponding dates at the corresponding times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: Law Offices of Ira M. Siegel | Date and Time: |
|---|---|
| 433 N. Camden Drive, Suite 970 | August 15, 2011 at 9:00 a.m. * |
| Beverly Hills, CA 90210 | |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached. | * Compliance with this subpoena may be a multi-step process pursuant to the Order attached (Attachment B). At least the first step should be completed by July 8, 2011, with all steps completed by the date set forth under "Date and Time" above: August 15, 2011. (See paragraphs 4 and 5 of the Order.)

Date:  June 1, 2011

CLERK OF COURT                              OR        _Ira M. Siegel_
_____                              _____
Signature of Clerk or Deputy Clerk                              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_
Third Degree Films, Inc.                              , who issues or requests this subpoena, are:
Ira M. Siegel, Law Offices of Ira M. Siegel, 433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210, Email:
subpoena@irasiegellaw.com, Telephone: 888-406-1004

## ATTACHMENT A

Table of Last-Observed Infringements by Defendants of Copyrights in Listed Motion Pictures that Are the Subject of Third Degree Films, Inc.'s Listed Copyright Registrations

| Doe # | ID | Internet Protocol Address (IP) | Internet Service Provider (ISP) | Motion Picture Title / Copyright Registration Number | Timestamp (U.S. Eastern Time) | Protocol |
|---|---|---|---|---|---|---|
| Doe 26 | 871566 | 128.211.198.141 | Purdue University | Illegal Ass 2 / PA0001366719 | 2010-10-17 19:33:43 -0400 | BitTorrent |

## ATTACHMENT B

1   Ira M. Siegel, Cal. State Bar No. 78142                    *E-FILED 05-31-2011*
    email address: irasiegel@earthlink.net
2   LAW OFFICES OF IRA M. SIEGEL
    433 N. Camden Drive, Suite 970
3   Beverly Hills, California 90210-4426
    Tel:   310-435-7656
4   Fax:   310-657-2187

5   Attorney for Third Degree Films, Inc.

6

7

8                        UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  Third Degree Films, Inc. , a California       CASE NO. CV 10-05862 HRL
    corporation,
11                                                [Proposed] ORDER GRANTING
                                                  PLAINTIFF LEAVE TO TAKE
                              Plaintiff,          EARLY DISCOVERY
12
                                                  [Re: Docket No. 10]
13            v.
14  DOES 1-2010,
                              Defendants.
15

16

17        The Court, having reviewed Plaintiff's Ex Parte Application for Leave to Take Limited

18  Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and

19  good cause appearing therefore, hereby grants Plaintiff's Ex Parte Application and orders as

20  follows:

21

22        1.   IT IS HEREBY ORDERED that Plaintiff is allowed to serve immediate

23  discovery on the internet service providers (ISPs) listed in Exhibit A to the First Amended

24  Complaint filed in this matter to obtain the identity of the Doe Defendants listed in that Exhibit

25  by serving a Rule 45 subpoena that seeks information sufficient to identify each such Defendant,

26  including the name, addresses, telephone numbers, and email addresses of such Defendant.

27

28                                                           Attachment B - Page 1 of 3

[Proposed] Order Granting Plaintiff's Ex Parte Application for Leave      1
to Take Limited Discovery Prior to a Rule 26 Conference - CV 10-05862 HRL

1       2.   **IT IS FURTHER ORDERED** that Plaintiff's counsel shall issue subpoenas in

2   substantially the same form as the example attached as Exhibit 1 toPlaintiff's Ex Parte

3   Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference with each

4   subpoena including a copy of this Order.

5       3.   **IT IS FURTHER ORDERED** that subpoenas authorized by this Order and

6   issued pursuant thereto shall be deemed appropriatecourt orders under 47 U.S.C. §551.

7       4.   **IT IS FURTHER ORDERED** that each ISP will have 30 days from the date of

8   service upon it to serve each of its subscriber(s) whose identity information is sought with a copy

9   of the subpoena and a copy of this Order.  The ISPs may serve the subscribers using any

10  reasonable means, including written notice sent to the subscriber's last known address,

11  transmitted either by first-class mail or via overnight service.

12      5.   **IT IS FURTHER ORDERED** that each subscriber shall have 30 days from the

13  date of service upon him, her or it to file any motions in this court contesting the subpoena

14  (including a motion to quash or modify the subpoena). If that 30-day period lapses without the

15  subscriber contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the

16  information responsive to the subpoena with respect to that subscriber.

17      6.   **IT IS FURTHER ORDERED** that, because no appearance by a person at a

18  deposition is required by the subpoena, instead only production of documents, records and the

19  like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of

20  Civil Procedure do not apply and no such fees need be tendered.

21      7.   **IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to

22  this Order shall not assess any charge to the Plaintiff in advance of providing the information

23  requested in the subpoena, and that any ISP that receives a subpoena and elects to charge for the

24  costs of production shall provide a billing summary and cost reports that serve as a basis for such

25  billing summary and any costs claimed by such ISP.

26      8.   **IT IS FURTHER ORDERED** that any ISP that receives a subpoena shall

27  preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or

28

[Proposed] Order Granting Plaintiff's Ex Parte Application for Leave    2
to Take Limited Discovery Prior to a Rule 26 Conference - CV 10-05862 HRL

Attachment B - Page 2 of 3

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV-10-05882-HRL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Custodian of Records, Lucia Anderson

was received by me on *(date)*   June 1, 2011   .

☑ I served the subpoena by delivering a copy to the named person as follows:

Custodian of Records, Lucia Anderson via Fax (765-494-1463)

on *(date)*   June 1, 2011   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$   0.00   .

My fees are $   0.00   for travel and $   0.00   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   June 1, 2011

_____
*Server's signature*

K. Reed, Service Agent
*Printed name and title*

8484 Wilshire Boulevard, Suite 220, Beverly Hills, CA 90211
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV-10-05862-HRL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Custodian of Records, Lucia Anderson

was received by me on *(date)*    June 1, 2011 .

    ☑ I served the subpoena by delivering a copy to the named person as follows:

    Custodian of Records, Lucia Anderson via Fax (765-494-1463)

                                                on *(date)*    June 1, 2011    ; or

    ☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$    0.00    .

My fees are $    0.00    for travel and $    0.00    for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    June 1, 2011

                                             *Server's signature*

                                K. Reed, Service Agent

                                          *Printed name and title*

                            8484 Wilshire Boulevard, Suite 220, Beverly Hills, CA 90211

                                             *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit B

Case5:10-cv-05862-HRL   Document13   Filed05/31/11   Page1 of 3

Ira M. Siegel, Cal. State Bar No. 78142                    **\*E-FILED 05-31-2011\***
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:   310-435-7656
Fax:   310-657-2187

Attorney for Third Degree Films, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Third Degree Films, Inc. , a California
corporation,

                    Plaintiff,

          v.

DOES 1-2010,

                    Defendants.

**CASE NO. CV 10-05862 HRL**

[Proposed] ORDER GRANTING
PLAINTIFF LEAVE TO TAKE
EARLY DISCOVERY

[Re:  Docket No. 10]

        The Court, having reviewed Plaintiff's Ex Parte Application for Leave to Take Limited

Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and

good cause appearing therefore, hereby grants Plaintiff's Ex Parte Application and orders as

follows:

        1.        **IT IS HEREBY ORDERED** that Plaintiff is allowed to serve immediate

discovery on the internet service providers (ISPs) listed in Exhibit A to the First Amended

Complaint filed in this matter to obtain the identity of the Doe Defendants listed in that Exhibit

by serving a Rule 45 subpoena that seeks information sufficient to identify each such Defendant,

including the name, addresses, telephone numbers, and email addresses of such Defendant.

[Proposed] Order Granting Plaintiff's Ex Parte Application for Leave     1
to Take Limited Discovery Prior to a Rule 26 Conference - CV 10-05862 HRL

1       2.    **IT IS FURTHER ORDERED** that Plaintiff's counsel shall issue subpoenas in

2   substantially the same form as the example attached as Exhibit 1 to Plaintiff's Ex Parte

3   Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, with each

4   subpoena including a copy of this Order.

5       3.    **IT IS FURTHER ORDERED** that subpoenas authorized by this Order and

6   issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551.

7       4.    **IT IS FURTHER ORDERED** that each ISP will have <u>30 days</u> from the date of

8   service upon it to serve each of its subscriber(s) whose identity information is sought with a copy

9   of the subpoena and a copy of this Order.  The ISPs may serve the subscribers using any

10   reasonable means, including written notice sent to the subscriber's last known address,

11   transmitted either by first-class mail or via overnight service.

12       5.    **IT IS FURTHER ORDERED** that each subscriber shall have <u>30 days</u> from the

13   date of service upon him, her or it to file any motions in this court contesting the subpoena

14   (including a motion to quash or modify the subpoena). If that 30-day period lapses without the

15   subscriber contesting the subpoena, the ISP shall have <u>10 days</u> to produce to Plaintiff the

16   information responsive to the subpoena with respect to that subscriber.

17       6.    **IT IS FURTHER ORDERED** that, because no appearance by a person at a

18   deposition is required by the subpoena, instead only production of documents, records and the

19   like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of

20   Civil Procedure do **not** apply and no such fees need be tendered.

21       7.    **IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to

22   this Order shall not assess any charge to the Plaintiff in advance of providing the information

23   requested in the subpoena, and that any ISP that receives a subpoena and elects to charge for the

24   costs of production shall provide a billing summary and cost reports that serve as a basis for such

25   billing summary and any costs claimed by such ISP.

26       8.    **IT IS FURTHER ORDERED** that any ISP that receives a subpoena shall

27   preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or

28

1   the final resolution of a timely filed and granted motion to quash the subpoena with respect to

2   such information.

3        9.        IT IS FURTHER ORDERED that any information disclosed to Plaintiff in

4   response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights

5   under the Copyright Act, 17 U.S.C. § 101 et seq.

6        IT IS SO ORDERED.

7

8   Date: _____ May 31, _____ , 2011        _____

9                                                  Howard R. Lloyd
                                                   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Granting Plaintiff's Ex Parte Application for Leave        3
to Take Limited Discovery Prior to a Rule 26 Conference - CV 10-05862 HRL

# Exhibit C

**E-FILED**
Friday, 29 April, 2011 09:02:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VPR INTERNATIONALE, | ) | |
| | ) | |
| Plaintiff, | ) | 11-2068 |
| | ) | |
| v. | ) | |
| | ) | |
| DOES 1 - 1017, individually and as | ) | |
| representatives of a class, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The plaintiff, VPR Internationale, is a Montreal, Quebec-based producer of adult
entertainment content. VPR has filed this complaint against 1,017 Doe defendants identified
only by Internet Protocol ("IP") address. VPR alleges that these defendants have distributed
adult videos in violation of VPR's copyrights. To determine the identity of the 1,017 alleged
copyright infringers, VPR filed an *ex parte* motion for expedited discovery so that it could
immediately serve subpoenas on Internet service providers ("ISPs") to determine the subscriber
and location associated with each IP address. The court denied the motion for expedited
discovery [9]. VPR filed an *ex parte* motion for reconsideration, which was denied on March 22,
2011, by text order.

VPR has now filed a motion to certify for interlocutory review the court's denial of its
motion for expedited discovery. VPR seeks certification for one controlling question of law:

> Defendants' identifies are unknown to the Plaintiff. Instead, each Defendant is
> associated with an Internet Protocol (IP) address. Internet Service Providers (ISPs)
> know identity and contact information associated with each IP address. Is the
> Plaintiff to entitled to discover this information by serving ISPs with subpoenas
> *duces tecum* under Fed. R. Civ. P. 45?

Fed. R. Civ. P. 26(d)(1) prohibits a party from "seek[ing] discovery from any source
before the parties have conferred as required by Rule 26(f), except in a proceeding exempted
from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation,
or by court order." In this case, VPR may seek expedited discovery only by court order.

Arguing in favor of certification, VPR directs the court's attention to its motion for
reconsideration. In its memorandum, VPR concedes that the relief sought falls outside
traditional adversarial procedure, and states that there is no legal basis to name the ISP providers
as defendants. VPR compares the Doe defendants' IP addresses to "records of *who* rented *which*
car at a busy car rental agency, in that IP addresses are like cars "leased by subscribers. If a

plaintiff was injured by a rental car, the plaintiff can discover the information on who leased the car from the agency by specifying the license plate of the offending vehicle and the date and time when the injury occurred. Without access to the agency's records, all the plaintiff has is the identity of the rental agency, but not who was driving the rental car." The comparison is not apt. The rental agency owns the car and is a potential defendant, so the adversarial process would yield the driver's information. And such information is not necessarily confidential; accident reports and police records may also identify the driver.

In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel[1] has sought leave to amend the complaint to add more Doe defendants. *See Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants). In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff. *Hard Drive,*

---

[1] VPR is represented by John Steele, Esq. Steele represents other adult entertainment producers in cases now (or recently) pending in the Northern and Southern Districts of Illinois.

Case No. 1:10-cv-05606, d/e 33 (N.D. Ill.).[2]  Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."[3] Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?  The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions.  Order, d/e 9.

The motion to certify for interlocutory review [14] is denied.

Entered this 29th day of April, 2011.

\s\Harold. A. Baker

HAROLD A. BAKER<br>UNITED STATES DISTRICT JUDGE

---

[2] In *Lightspeed*, only one defendant has been named and his case severed; the ISP subpoenas have been quashed, the other Does are dismissed, and Steele has been ordered to notify the Does that they are no longer potential defendants in the case. *See* Case No. 1:10-cv-05604, d/e 57 (N.D. Ill.).

[3] MSNBC article, p. 2.