```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                     LAFAYETTE DIVISION


THIRD DEGREE FILMS, INC., a      )
California Corporation,          )
                                 )
            Plaintiff            )
                                 )
         v.                      )  CIVIL NO. 4:11 MC 2
                                 )
DOES 1-2010; DOE 26,             )
                                 )
            Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Quash Subpoena [DE 1] filed by the defendant, Doe 26, on July 7, 2011; the Motion to Quash Subpoena Served on Purdue University and Memorandum of Authorities [DE 4] filed by Doe 26 on July 8, 2011; the Request for Oral Hearing [DE 5] filed by Doe 26 on July 8, 2011; and the Amended Motion to Quash Subpoena Served on Purdue University and Memorandum of Authorities [DE 6] filed by Doe 26 on July 12, 2011. In light of the amended motion, DE 1 & 4 are **DENIED AS MOOT**. The court finds that the information before it is sufficient to render a ruling and **DENIES** the Request for Oral Hearing [DE 5]. For the reasons set forth below, the Amended Motion to Quash Subpoena Served on Purdue University and Memorandum of Authorities [DE 6] is **DENIED**.

## Background

The plaintiff, Third Degree Films, Inc., filed a complaint in the Northern District of California against 2,010 unnamed Doe defendants, alleging that the defendants obtained and distributed an adult video, "Illegal Ass 2", without its consent in violation of its copyright. Third Degree identified the defendants by their internet protocol (IP) addresses. Third Degree filed an application for early discovery so it could serve subpoenas on internet service providers (ISPs) to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its complaint. Magistrate Judge Howard Lloyd of the Northern District of California entered an order permitting service of the subpoenas on the ISPs.

Third Degree served a subpoena on Purdue University, seeking to compel disclosure of the name, address, telephone number, and e-mail address of Doe 26, a 19 year old student enrolled at Purdue University. On the date of the alleged copyright violation, he resided in a college dormitory at Purdue. Doe 26's roommate and other students used his router and Wi-Fi connection for internet access.

Doe 26 opened this miscellaneous action for the purpose of quashing the subpoena. Doe 26 argues that he has standing to quash the subpoena because it seeks disclosure of personal iden-

tification information over which he has a personal and proprietary interest, the information sought is privileged, production of the information would cause him an undue burden, and the information is not relevant to Third Degree's case. Doe 26 further states that there is a high risk that someone else downloaded the video because others accessed Doe 26's router and Wi-Fi connection and could have used his IP address.

To date, none of the defendants have been identified, served with process, or answered in the case pending in the Northern District of California.

## Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iii)-(iv) provides that "[o]n timely motion, the court by which a subpoena was issued must quash or modify the subpoena if it . . . requires disclosure of privileged or other protected material and no exception or waiver applies; or . . . subjects a person to undue burden." Further, "the party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). However, implicit in the rule is the requirement that a subpoena seek relevant information. *See Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 621-22 (S.D. Ill.

3

2007); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("The reach of a subpoena issued pursuant to Fed.R.Civ.P. 45 is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1)."). Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler-Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003).

The first hurdle Doe 26 must overcome is to show that he has standing to move to quash the subpoena because the subpoena was served on Purdue, the ISP, not Doe 26. Doe 26 refers to Rule 45(c)(3)(B) as his basis for standing. Rule 45(c)(3)(B) states that a person subjected to or affected by a subpoena may move to quash the subpoena. However, Rule 45(c)(3)(B)(i)-(iii) goes on to state specific instances where a person affected by a subpoena may make that request. Such circumstances involve disclosure of

trade secrets or commercial information, disclosure of an unretained expert's opinion, and where a person, who is not a party or a party's officer, will incur significant expense to travel more than 100 miles. None of these conditions are applicable.

The arguments Doe 26 raises in support of quashing the subpoena, including undue burden, privilege, and relevancy, more appropriately fall under Rule 45(c)(3)(A). Subsection (A) does not state that a person affected by a subpoena may move to quash it.

A Doe defendant lacks standing to move to quash a subpoena on the ground of undue burden when the subpoena is directed to the ISP rather than to him. *First Time Videos, LLC v. Does 1-500*, ___ F.Supp.2d ___, 2011 WL 3498227, *3 (N.D. Ill. August 9, 2011); *Voltage Pictures, LLC v. Does 1-5000*, ___ F.Supp.2d ___, 2011 WL 1807438, *3 (D.C. Cir. May 12, 2011). This is because the subpoena demands action on behalf of the ISP, and the Doe defendant is not required to produce any information, nor would the Doe defendant face any repercussions for failing to comply. *First Time Videos*, 2011 WL 3498227 at *7. It would defy logic to believe that the Doe defendant is unduly burdened when he is not required to take any action or produce any information. For this reason, Doe 26 may not move to quash the subpoena served on

Purdue on grounds of undue burden because the subpoena was directed to the ISP and requires no action on his behalf.

Doe 26 also argues that the subpoena should be quashed because Doe 26 has a privacy interest in the information. Doe 26 has standing to assert his privacy interest in the requested information. *See* ***Worldwide Film Entertainment, LLC v. Does 1-749***, 2010 WL 1994891, *2, n.2 (D.C. Cir. 2010) (*citing* ***Covad Communications Co. v. Revonet, Inc.,*** 2009 WL 3739278, *3 (D.S.D. Nov. 4, 2009) ("[o]rdinarily a party does not have standing to object to a subpoena served on a non-party, . . . a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information.") (citation omitted)). However, Doe 26 has not demonstrated why the requested information is privileged and not subject to discovery.

Does 26 relies exclusively on ***VPR Internationale v. Does 1-1017***, Cause No. 2:11-cv-2068 (C.D. Ill. Apr. 29, 2011), to show that his identification information should not be subject to discovery. In ***VPR***, the court denied a motion for expedited discovery requested for the purpose of serving subpoenas on ISPs to identify the internet subscribers associated with the IP addresses accused of violating the plaintiff's copyright. The court explained that the risk that the copyright infringer might

be someone other than the subscriber, such as a neighbor or visitor, outweighed VDR's need for discovery.

However, the question currently before the court is not whether expedited discovery is warranted, as it was in *VDR*. The Northern District of California previously made the determination to allow expedited discovery and weighed this risk. The question this court must assess is whether the information sought by the subpoena is privileged or protected matter. *See* Rule 45(c)(3)(A)(iii) (listing the grounds on which a subpoena may be quashed). Courts have addressed this issue in a variety of manners. *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F.Supp.2d 556, 563-64 (S.D.N.Y. 2004) (*citing* *In re Verizon Internet Services*, 257 F.Supp.2d 244, 267-68, 275 (D.D.C. 2003) (denying motion to quash subpoena because the subpoena provided adequate safeguards to protect the internet users' First Amendment rights); *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc.,* 351 F.3d 1229 (D.C. Cir. 2003) (denying an ISP's motion to quash a subpoena seeking subscriber information for users who had allegedly engaged in copyright infringement); *In re Subpoena Duces Tecum to America Online, Inc., No. 40570*, 2000 WL 1210372, *1 (Va. Cir. Jan. 31, 2000) (denying motion to quash subpoena seeking identity of Doe defendants who made defamatory statements and disclosed confidential information

online); *Doe v. 2TheMart.Com*, 140 F.Supp.2d 1088, 1090, 1097-98 (W.D. Wash. 2001) (granting motion to quash subpoena seeking identities of anonymous nonparty ISP subscribers in shareholder derivative suit); *Anderson v. Hale, No. 00 Civ. 2021*, 2001 WL 503045, *9 (N.D. Ill. May 10, 2001) (granting motion to quash subpoena seeking identifying information from ISP about subscribers affiliated with organization); *Dendrite International, Inc. v. Doe*, 775 A.2d 756, 760, 772 (N.J. 2001) (denying motion for expedited discovery to obtain identity of ISP subscriber due to failure to establish prima facie defamation claim)).

Doe 26's motion does not make it clear on what grounds he asserts the information is privileged, although he repeatedly mentions that he has a privacy interest in the information and that the risk of harm to his reputation outweighs Third Degree's need for the information. Doe 26 supports his position by arguing that the risk he was not the individual who violated the copyright is heightened because of his proximity to others in the college dormitory and someone else may have connected to his router and used his IP address to access the video. Doe 26 has not referred the court to any cases showing that a subpoena may be quashed because of the risk of harm to one's reputation, nor has Doe 26 established that he has a privacy interest in the requested information.

A subpoena may have a broad reach and compel disclosure of things commonly accepted as privileged, such as documents subject to the journalistic or doctor-patient confidentiality. *First Time Videos,* 2011 WL 3498227 at *4. An internet subscriber's expectation of privacy falls far below this level. "Internet subscribers do not have a reasonable expectation of privacy in their subscriber information — including name, address, phone number, and email address — as they have already conveyed such information to their ISPs." Internet subscribers share their information to set up their internet accounts and cannot proceed to assert a privacy interest over the same information they chose to disclose. *First Time Videos,* 2011 WL 3498227 at *4.

By providing Purdue with his identification and contact information for the purpose of accessing the internet, Doe 26 relinquished any privacy interest he may have held in the information. Doe 26 cannot assert a privacy interest over the information he previously disclosed voluntarily. *See First Time Videos,* 2011 WL 3498227 at *4. Third Degree's request is limited to the information Doe 26 would have provided Purdue to access the internet, including his name, address, and phone number. The information requested by the subpoena is therefore subject to discovery and not shielded by privilege.

Although Doe 26 does not explicitly argue that his information is privileged by the First Amendment, anonymous internet speech implicates the First Amendment. Files downloaded, distributed, or made otherwise available for distribution on a peer to peer file sharing network constitute speech. **Sony Music Entertainment**, 326 F.Supp.2d at 564; **First Time Videos,** 2011 WL 3498227 at *4. This is because someone sharing a file may be expressing himself through the file. See **Sony Music Entertainment**, 326 F.Supp.2d at 564. Although the file is speech and is entitled to some level of First Amendment protection, the extent of protection is limited. **Sony Music Entertainment**, 326 F.Supp.2d at 564. Copyright infringement is not protected by the First Amendment, and in order to protect one's interest in a copyright, a "defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." **First Time Videos,** 2011 WL 3498227 at *5.

"Cases evaluating subpoenas seeking identifying information from ISPs regarding subscribers who are parties to litigation have considered a variety of factors to weigh the need for disclosure against First Amendment interests." These factors include:

> (1) a concrete showing of a prima facie claim of actionable harm, (2) specificity of the

> discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) a central need for the subpoenaed information to advance the claim, and (5) the party's expectation of privacy. (citations omitted)
>
> *Sony Music Entertainment*, 326 F.Supp.2d at 564-565

*First Time Videos,* 2011 WL 3498227 at *5 (applying factors). Each of these factors supports denying Doe 26's motion to quash.

Third Degree asserts that Doe 26 infringed on its copyright by downloading and distributing its copyrighted material. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d. 358 (1991). Third Degree has a registered copyright over the work titled "Illegal Ass 2" that is the subject of this dispute. Third Degree represents that it attached documents identifying the copyright to its complaint in the Northern District of California. Doe 26 does not challenge that Third Degree has a valid copyright over the production. Third Degree also alleges that among the exclusive rights granted under the Copyright Act are the rights to reproduce and to distribute to the public the copyrighted recordings. Third Degree submitted a list of the IP addresses of the subscribers who used

an online file-sharing network to download, distribute, or make the film available for distribution via peer to peer networks, thereby infringing on Third Degree's copyright. The list states the date and time of the recording, the user's IP address, and the state, and in some cases the city, associated with the IP address. This type of peer to peer sharing has been held to constitute copyright infringement. *In re Aimster Copyright Litigation*, 334 F.3d 643, 653 (7th Cir. 2003) (affirming grant of preliminary injunction against P2P network Aimster in absence of evidence that system was used to transfer non-copyrighted files). Accordingly, Third Degree has made a prima facie showing that its copyright was infringed by the users of the IP addresses.

Next, the court considers the specificity of the discovery request. The Northern District of California limited the scope of the subpoena to the name, address, telephone number, and email addresses of the individuals associated with the IP addresses. There is a reasonable likelihood that this information will lead to information sufficient to identify and make possible service upon the Doe defendants. *See Sony Music Entertainment,* 326 F.Supp.2d at 566 (explaining that subpoena requesting information that would lead to identifying information of possible defendants weighed in favor of upholding subpoena); *Dendrite International, Inc.*, 775 A.2d at 760; *Columbia Ins. Co. v. sees-*

*candy.com*, 185 F.R.D. 573, 578, 580 (N.D. Cal. 1999). The request is narrowly tailored to achieve this result, and supports upholding the subpoena.

Third Degree also has demonstrated that the information sought by the subpoena is necessary to identify the defendants. Third Degree set forth the information it was able to obtain from the individuals who shared the video on the peer to peer network. However, this information was insufficient to identify and complete service. Third Degree has a critical need for this information so it may proceed with its suit, remedy it losses, and prevent further infringement. Third Degree demonstrated that it obtained the information otherwise available and that the subpoenaed information is necessary for the matter to proceed. Doe 26 has not suggested that the information may be otherwise available.

Finally, Doe 26's expectation of privacy, if any, is minimal. Individuals who download and distribute copyrighted material without permission cannot expect their actions to be protected. *See Verizon*, 257 F.Supp.2d at 260-61, 267-68. "[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to

13

the world." *Sanchez v. Doyle*, 257 F.Supp.2d 266, 267 (D. Conn. 2003).

In sum, Doe 26 has not established that his identity is protected by the First Amendment. In weighing these factors, the circumstances reflect that Third Degree's right to judicial process outweighs Doe 26's right to remain anonymous. *See* *Sony Music Entertainment*, 326 F.Supp.2d at 567 (weighing factors in favor of upholding subpoena). Third Degree has demonstrated that its need for the information outweighs any privacy interest Doe 26 may retain over the information. Doe 26 has not shown that he has any interest in the privacy of the information, that disclosure of his identity is protected by the First Amendment, or that the information is subject to any other privilege. Doe 26's only alternative to quash the subpoena is to establish that the information sought is irrelevant.

Doe 26 challenges the relevancy of the subpoena by arguing that the IP address cannot reveal the identity of the infringer because someone else may have violated the copyright while using Doe 26's IP address. "However, objections such as these are essentially irrelevant and premature because they go to the merits of Plaintiff's claims and do not address the propriety vel non of the subpoenas." *West Coast Productions, Inc. v. Does 1-5829*, ___ F.R.D. ___, 2011 WL 2292239, *3 (D.C. Cir. June 10,

2011); *First Time Videos*, 2011 WL 3498227 at *8 (explaining that a denial of liability is not relevant to the validity of a subpoena). Whether the individuals whose identities are sought by the subpoena are liable remains to be litigated and does not provide grounds upon which to quash the subpoena. The identify of individuals who may have violated the copyright is essential to resolving the copyright holder's claim. *First Time Videos*, 2011 WL 3498227 at *8.

Doe 26 has not demonstrated that the subpoena causes him an undue burden, is protected from disclosure by privilege, or is irrelevant to Third Degree's complaint. For these reasons, the Amended Motion to Quash Subpoena Served on Purdue University and Memorandum of Authorities [DE 6] filed by the defendant, Doe 26, on July 12, 2011, is **DENIED.** The Motion to Quash Subpoena [DE 1] filed by the defendant, Doe 26, on July 7, 2011, and the Motion to Quash Subpoena Served on Purdue University and Memorandum of Authorities [DE 4] filed by Doe 26 on July 8, 2011, are **DENIED AS MOOT,** and the Request for Oral Hearing [DE 5] filed by Doe 26 on July 8, 2011, is **DENIED.**

ENTERED this 6th day of October, 2011

            s/ ANDREW P. RODOVICH
            United States Magistrate Judge